**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michel D. Haynes, Appellant,

v.

Saverne Haynes, Respondent.

Appellate Case No. 2022-000699

———

Appeal From Oconee County
Steven C. Kirven, Master-In-Equity

———

Unpublished Opinion No. 2025-UP-212
Submitted June 1, 2025 – Filed July 2, 2025

———

**AFFIRMED**

———

Caroline Elizabeth Waldrep, of Merrell & McDuff, of Seneca, for Appellant.

Saverne Haynes, of Seneca, pro se.

———

**PER CURIAM:** Michel D. Haynes appeals the master-in-equity's order finding his claim for payment of a promissory note (the Note) Saverne Haynes executed and made payable to the Reverend Efford Haynes was barred by the three-year statute of limitations under section 15-3-530 of the South Carolina Code (2005). On appeal, Michel argues the master erred by (1) finding the Note was not a negotiable instrument and applying the three-year statute of limitations applicable

to contracts under section 15-3-530, (2) finding Michel was not an assignee of the Note and therefore lacked standing to bring a claim for payment of the Note, (3) applying the defense of equitable setoff, (4) relying on parol evidence, and (5) failing to separately state its conclusions of law.  We affirm pursuant to Rule 220(b), SCACR.[1]

We hold the master did not err in finding Michel's breach of contract claim was barred by the three-year statute of limitations under section 15-3-530 because the Note was not a negotiable instrument under Article 3 of the Uniform Commercial Code (UCC).[2]  *See* § 15-3-530 (providing for a three-year statute of limitations in a contract action); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *id.* ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."); *Whitaker v. Limeco Corp.*, 32 So. 3d 429, 435 (Miss. 2010) ("[T]he words 'payable to the order of' or payable 'to [identified payee] or order' must appear within the instrument in order to qualify it as a negotiable instrument, . . . ."); 11 Am. Jur. 2d Bills and Notes § 37 ("The words 'payable to the order of' or payable 'to (identified payee) or order' must appear within the instrument in order to qualify it as a negotiable instrument.  An instrument making a promise to pay, but expressly excluding or lacking the words 'payable to order or to bearer,' is nonnegotiable.").  Further, we find Michel's argument concerning the continuous accrual doctrine is not preserved for appellate review because it was neither raised to nor ruled on by the master.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Stanley v. Atl. Title Ins. Co.*, 377 S.C. 405, 413, 661 S.E.2d 62, 66 (2008) (finding an issue is unpreserved for appellate review when the argument on appeal differs from the argument raised below).  We further hold the master

---

[1] Respondent filed an initial brief, but she did not file a final version.  Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, we believe the record on appeal contains sufficient grounds for this court to affirm.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

[2] S.C. Code Ann. §§ 36-1-101 to -11-108 (2003 & Supp. 2024).

separately stated his conclusions of law with supporting factual findings. *See* Rule 52(a), SCRCP ("In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, . . . .").[3]

**AFFIRMED.**[4]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[3] Because we find the issue of whether Michel's claim was barred by the three-year statute of limitations under section 15-3-530 is dispositive of this case, we decline to address Michel's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address remaining issues when the disposition of a prior issue is dispositive).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.